IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02499-BNB

JASON FRANCISCO AGUON,

      Plaintiff,

v.

CORONADO CROSSING APARTMENTS, and
(ETL) EVERYONE INVOLVED,

      Defendants.

---

### ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Jason Francisco Aguon, initiated this action by filing *pro se* a Complaint. The court must construe the Complaint liberally because Mr. Aguon is not represented by an attorney.  ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  ***See Hall***, 935 F.2d at 1110.  For the reasons stated below, Mr. Aguon will be ordered to file an amended complaint.

The court has reviewed the Complaint and finds that the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  ***See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas***, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8

are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Aguon fails to set forth a short and plain statement of the grounds for the court's jurisdiction.  In other words, Mr. Aguon fails to identify the statutory authority that allows the court to consider the claims he is asserting in this action.

> Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.  It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

Mr. Aguon also fails to provide a short and plain statement of his claims showing that he is entitled to relief.  Mr. Aguon alleges that he was not paid for overtime hours he worked as a maintenance man and that he was wrongfully terminated from his job, but it is not clear whether he is asserting a claim based on the overtime pay issue, the alleged

wrongful termination, or both.  If he is asserting a claim based on the overtime pay

issue, he fails to make specific allegations regarding the dates or times for which he

allegedly was not paid the proper wages.  If he is asserting a claim based on the alleged

wrongful termination, he fails to make specific allegations regarding his termination,

including why he believes it was wrongful.  Finally, it is not clear who the Defendant

identified as "(ETL) Everyone Involved" is or what claim or claims Mr. Aguon may be

asserting against that Defendant.

In order to state a claim in federal court, Mr. Aguon "must explain what each

defendant did to him or her; when the defendant did it; how the defendant's action

harmed him or her; and, what specific legal right the plaintiff believes the defendant

violated."  ***Nasious v. Two Unknown B.I.C.E. Agents***, 492  F.3d 1158, 1163 (10th Cir.

2007).  The general rule that ***pro se*** pleadings must be construed liberally has limits

and "the court cannot take on the responsibility of serving as the litigant's attorney in

constructing arguments and searching the record."  ***Garrett v. Selby Connor Maddux***

***& Janer***, 425 F.3d 836, 840 (10th Cir. 2005).

For these reasons, Mr. Aguon will be ordered to file an amended complaint if he

wishes to pursue his claims in this court in this action.  Accordingly, it is

ORDERED that Mr. Aguon file, **within thirty (30) days from the date of this**

**order**, an amended complaint that complies with the pleading requirements of Fed. R.

Civ. P. 8 as discussed in this order.  It is

FURTHER ORDERED that Mr. Aguon shall obtain the Court-approved Complaint

form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Aguon fails within the time allowed to file an amended complaint that complies with this order, the action will be dismissed without further notice.

DATED December 19, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge